IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, # 148475, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv733-MHT |
| | ) (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This is a habeas corpus case brought under 28 U.S.C. § 2254. Doc. # 1. The petitioner, Woodburck Noe ("Noe"), challenges a decision by the Alabama Board of Pardons and Paroles ("Board") on July 22, 2014, denying him parole from the life sentence he is serving for a murder conviction in state court.[1] Noe contends the Board deprived him of due process by failing to set forth reasons for denying him parole and subjected him to cruel and unusual punishment by delaying his parole review from June 2014 to July 22, 2014. The respondents answer that Noe has failed to exhaust his available state court remedies and so his § 2254 petition should be dismissed without prejudice to allow him to exhaust. Doc. # 14.

**II. DISCUSSION**

Noe is contesting the legality of an administrative decision of the Board to deny him

---

[1] The Board reset Noe for further parole consideration in July 2018.

parole. Nonetheless, he is deemed to be in custody pursuant to his underlying state court conviction and sentence. Therefore, he must comply with the procedural requirements for § 2254 petitions.[2] *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). Relief under § 2254 may not be granted if the petitioner has failed to exhaust the remedies available in the state courts. *See* 28 U.S.C. §§ 2254(b)(1)(A), (b)(3), and (c).

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process." *Dill*, 371 F.3d at 1303 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The Eleventh Circuit has recognized:

> Under Alabama law, "one complete round" of review of a parole revocation decision includes: (1) filing a petition for certiorari in state circuit court, *see Johnson v. State*, 729 So.2d 897, 898 (Ala.Crim.App. 1997); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, *see* Ala.Code § 12-3-9 (2003); *Johnson*, 729 So.2d at 898; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R.App. P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, *see* Ala. R.App. P. 39(c).

*Dill*, 371 F.3d at 1303.

The respondents argue that because Noe has not sought certiorari review of the Board's July 22, 2014, decision in the state circuit court or presented his claims through one complete round of the Alabama state appellate process, his § 2254 petition should be

---

[2] Noe does not say how the delay in parole review from June 2014 to July 22, 2014, affected the Board's decision to deny him parole. He asserts that the delay amounted to cruel and unusual punishment in violation of his Eighth Amendment rights because it caused him "to suffer bad torment, anticipation, and worry." Doc. # 1 at 2. As these conditions do not affect the fact or duration of his incarceration, they are not proper bases for seeking habeas corpus relief.

dismissed without prejudice to allow him to exhaust his available state remedies. Doc. # 14. This court afforded Noe an opportunity to show cause why his § 2254 petition should not be dismissed based on his failure to exhaust. Doc. #16. Although Noe has filed a response (Doc. # 20), he states no basis for excusing the exhaustion requirement in his case. Accordingly, the court finds that Noe's petition should be dismissed without prejudice to allow him to exhaust state remedies.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Noe be DISMISSED without prejudice because he has not exhausted his available state remedies.

It is further

ORDERED that **on or before November 28, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of November, 2014.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE