IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WOODBURCK NOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv733-MHT |
| | ) | (WO) |
| LEEPOSEY DANIELS, LUTHER | ) | |
| STRANGE, and ALABAMA BOARD | ) | |
| OF PARDONS AND PAROLES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Pursuant to 28 U.S.C. § 2254, petitioner, a state
inmate, filed this lawsuit seeking habeas relief.  This
lawsuit is now before the court on the recommendation
of the United States Magistrate Judge that petitioner's
writ petition be denied because he has failed to
exhaust state remedies.  Also before the court are
petitioner's objections to the recommendation.  After
an independent and de novo review of the record, the
court concludes that the petitioner's objections should

be overruled and the magistrate judge's recommendation adopted.

Admittedly, the magistrate judge cites authority on parole revocations, rather than parole denials, even though the petitioner here contests his parole denial. However, under Alabama law, the appeal procedure for both revocations and denials is the same. Therefore, the recommendation that petitioner must first exhaust his state remedies by seeking a writ of certiorari in state circuit court is correct, and does not change. See Baker v. State, 651 So. 2d 72, 73 (Ala. Crim. App. 1994) ("A petition for a writ of certiorari filed in the Circuit Court of Montgomery County is the appropriate remedy for review of the actions of the Alabama Board of Pardons and Paroles in reference to the granting, denying, or revocation of paroles.") (internal citations omitted).

An appropriate judgment will be entered.

DONE, this the 31st day of December, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE